UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACQUIS HOUSTON                                                                                    PETITIONER

VERSUS                                                              CIVIL ACTION NO. 3:17CV1031-LG-RHW

BILLY SOLLIE                                                                                        RESPONDENT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Petitioner Jacquis Houston filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pretrial detention in the Lauderdale County Detention Facility. Doc. [1]. Petitioner alleges that he is a pre-trial detainee who was indicted in 2015, but has not been brought to trial. *Id.* at 2, 6-7. Thus, he asserts that his right to a speedy trial has been violated. *Id.* at 7. He also alleges that a witness is not showing up for trial, thereby violating his right to confront his accuser. *Id.* He further contends that by charging him with both burglary and capital murder, he is being subjected to double jeopardy. *Id.* Houston requests that all charges be dismissed and that he be released immediately from custody. *Id.* at 8. The Lauderdale County Circuit Court records reflect that Houston was arrested on charges of murder and burglary on March 3, 2015. Doc. [7-1]. He was indicted for capital murder and burglary on July 28, 2015. Doc. [7-2]. The Circuit Court entered numerous orders resetting the matter for trial to allow further plea negotiations. *See* Doc. [7-7] [7-8] [7-9] [7-10] [7-13] [7-14]. In the first order resetting, Houston signed the order agreeing to reset the matter for trial and waiving his right to a speedy trial. Doc. [7-7]. In subsequent orders, although counsel for Houston signed agreeing to the trial resetting, the order indicates that Houston refused to sign. Doc. [7-8] [7-9] [7-10] [7-13] [7-14].

On February 23, 2018, Respondent filed a motion to dismiss. Doc. [7]. As of the filing of Respondent's motion, Houston's trial was set for March 19, 2018. Doc. [7-14] at 3. Houston has not filed a response in opposition to the motion to dismiss.

## Law and Analysis

Houston is a pre-trial detainee; therefore, his petition for federal habeas relief is governed by 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). To the extent that Houston seeks to have the charges dismissed against him based on a speedy trial claim or other alleged constitutional violations, his petition is without merit. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court. *Braden*, 410 U.S. at 493. Houston plainly states that he wishes to have the charges dismissed and that he be released immediately from custody based on the constitutional violations alleged in his petition. Houston's request to have charges dismissed against him is not attainable through federal habeas corpus. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). He has not identified any special circumstances that would cause this Court to entertain his request for release from custody.

In the alternative, Houston's petition fails because he has not exhausted state remedies. As the Fifth Circuit explained in *Dickerson*, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." 816 F.2d at

225. As exhibits to the motion to dismiss, Respondent has attached the documents from Houston's Circuit Court file. *See* Doc. [7-1] through Doc. [7-14]. None of these pleadings raises a speedy trial claim or any other constitutional violation. In fact, one of the orders signed by Houston expressly waives his right to a speedy trial. Doc. [7-7]. Counsel for Respondent has confirmed with the Lauderdale County Circuit Clerk's Office that no document has been filed by Houston in state court challenging his pretrial detention or his right to a speedy trial. Doc. [7] at 4. Houston has not filed a response in opposition to the motion to dismiss and therefore does not dispute Respondent's argument on the exhaustion issue. The undersigned finds that Houston prematurely and impermissibly seeks to raise constitutional claims through the federal habeas provisions.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [7] Motion to Dismiss be GRANTED and that Jacquis Houston's 28 U.S.C. § 2241 petition be dismissed with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination

by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 29th day of May, 2018.

                                    /s/ *Robert H. Walker*
                                    ROBERT H. WALKER
                                    UNITED STATES MAGISTRATE JUDGE